IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-HC-2009-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DANIEL H. KING, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion (DE # 53) of respondent Daniel H. King (hereinafter "respondent") for the court to reconsider its referral of this case to a magistrate judge for an evidentiary hearing and entry of a memorandum and recommendation ("M&R") regarding the merits of the government's petition for commitment pursuant to 18 U.S.C. § 4248 ("§ 4248"). Petitioner has responded and does not oppose the motion, conditioned on respondent's understanding that a delay would be caused should the court grant the motion. The matter is ripe for ruling.

In the present action, the government seeks to commit respondent as a "sexually dangerous person" pursuant to § 4248, which was enacted as part of the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006) (hereinafter "Adam Walsh Act"). Petitioner filed the certification commencing this action on January 19, 2010. At that time all § 4248 cases in this district were held in abeyance pending the outcome of appellate litigation of a September 7, 2007, decision in another commitment action in this district, holding § 4248 unconstitutional. See United States v. Comstock, 507 F. Supp. 2d 522 (E.D.N.C. 2007). On May 17, 2010, the Supreme Court, in United States v. Comstock, 130 S. Ct. 1949 (2010) ("Comstock I"),

held § 4248 valid under the Necessary and Proper Clause and remanded Comstock to the Fourth Circuit for further proceedings.

Following the decision in Comstock I, the court appointed counsel for respondent on June 1, 2010. On June 25, 2010, respondent filed a motion requesting a hearing on the merits of commitment. On August 6, 2010, the case was reassigned to the undersigned. On December 7, 2010, the court entered a scheduling order which granted respondent's motion for a hearing on the merits. On July 12, 2011, the parties filed a joint notice of proposed hearing dates, including October 17-21, 2011. On September 1, 2011, the court referred the matter to United States Magistrate Judge James E. Gates for hearing and M&R. Also on September 1, 2011, Judge Gates issued an order scheduling a hearing on the merits of commitment to commence on October 17, 2011. Discovery closed on September 15, 2011. On September 16, 2011, respondent filed the motion to reconsider referral presently before the court.

Respondent acknowledges that it is within the power of the court to refer this matter to a magistrate judge for hearing and M&R. (Mot. 4). Respondent asserts, however, that referral does not further the purpose of the Federal Magistrates Act, 28 U.S.C. § 631 et seq., because it will result "in little if any savings of time and resources on the part of the district court." Id. at 5. The court rejects this argument as speculative. Respondent further asserts, "The nature of the determinations to be made under the Adam Walsh Act require direct evaluation by the district court." Id. at 6. In this regard, respondent likens § 4248 proceedings to a felony criminal case. The court rejects this argument as well. The Fourth Circuit's opinion in United States v. Comstock, 627 F.3d 513, 520-24 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011) (Comstock II), strongly suggests, and this court

2

finds, that § 4248 proceedings are civil.[1] The court recognizes the high stakes involved and the considerable delays taking place in § 4248 proceedings in this district. The court considered such when it exercised its discretion to refer the matter to a magistrate judge. Referral remains appropriate.

Accordingly, the motion for reconsideration (DE # 53) is DENIED.

SO ORDERED, this the_10‍ᵗʰ_ day of October, 2011.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Because of the procedural posture of Comstock II, the Fourth Circuit declined to specifically adopt the view that § 4248 is civil, not criminal in nature. 627 F.3d at 518 n. 1; but see United States v. Broncheau, 645 F.3d 676, 689 n.* (4th Cir. 2011) (Wynn, J., concurring) ("[T]he argument that § 4248 proceedings, although nominally civil, were actually criminal . . . was foreclosed when, in Comstock II, we reiterated that § 4248 is in fact a civil commitment statute. See 627 F.3d at 520 ('[T]he purpose and structure of the commitment process render it unlike any criminal prosecution.')").

3