IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-HC-2009-FL

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DANIEL H. KING, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion to dismiss counsel and proceed pro se (DE 119), and his renewed motion for relief from the judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (DE 124). These motions are ripe for adjudication.

BACKGROUND

The government initiated this action by filing its certification of respondent as a sexually dangerous person, pursuant to the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006) ("Adam Walsh Act"), on January 19, 2010. (DE 1-2). At the time, respondent was serving a term of 12 to 36 years of imprisonment in the Bureau of Prisons ("BOP") following his conviction for armed kidnapping in the Superior Court of the District of Columbia. His projected date for release from criminal confinement was January 20, 2010, but the filing of the certification stayed his release.

Respondent requested a commitment hearing on June 25, 2010. (DE 4). Mr. Joseph L. Bell, Jr. entered a notice of appearance on respondent's behalf on September 16, 2010. (DE 13). The matter was referred to United States Magistrate Judge James E. Gates for an evidentiary hearing and

memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After conducting an evidentiary hearing, Judge Gates found that respondent was a sexually dangerous person as defined by the Adam Walsh Act, and recommended that he be civilly committed pursuant to 18 U.S.C. § 4248(d). Among other findings, it was noted that on the morning of the second day of respondent's commitment hearing, respondent exposed himself to four female inmates at the Wake County Jail, purposely masturbating in a manner so the female inmates could see him from their nearby cell.

On September 25, 2012, this court adopted Judge Gates' recommendation, and respondent was committed to the custody of the United States Attorney General as a sexually dangerous person. Counsel for respondent filed a notice of appeal to the Fourth Circuit on October 23, 2012. (DE 112). During the pendency of his appeal, respondent filed in this court a pro se motion for relief from the judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. (DE 116). That motion was dismissed for lack of jurisdiction in ordered entered June 18, 2013.

Respondent filed the instant motion to dismiss counsel and proceed pro se on September 9, 2013. (DE 119). On September 16, 2013, the Fourth Circuit affirmed this court's order to civilly commit Respondent as a sexually dangerous person pursuant to the Adam Walsh Act. United States v. King, 2013 WL 5072770 (4th Cir. Sept. 16, 2013) (unpublished decision). As noted, respondent renewed his pro se request for relief from the judgment on October 4, 2013. (DE 124).

DISCUSSION

Respondent seeks relief from this court's September 25, 2012 judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). "[B]efore a party may seek relief under Rule 60(b), a party first must show

'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir.1984)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id. (quoting Werner, 731 F.2d at 207). Moreover, "if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, [the motion should be dismissed] as merely an inappropriate substitute for an appeal." Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (citing Dowell, 993 F.2d at 48).

Here, respondent does not address the threshold requirement of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. Likewise, all of the issues raised in the instant motion could have been raised during his appeal to the Fourth Circuit. Therefore, respondent's request could be denied on those bases alone.[1] Nonetheless, the court will address the merits of respondent's motion.

First, Respondent argues that he is entitled to relief because "he has never been convicted or charged with a federal sex offense." Mot. (DE 124), p. 1. The Adam Walsh Act does not require a person to be "charged with a federal sex offense" before they are committed. Rather, a committee must have "engaged or attempted to engage in sexually violent conduct or child molestation." 18 U.S.C. § 4247(a)(5). "[T]hat factual predicate can be established by a *state* conviction, or by clear and convincing evidence that the person committed a sex crime for which he was never charged."

---

[1] Respondent's motion could also be denied on the grounds that it was filed pro se despite the fact that he is still currently represented by counsel. See United States v. Singleton, 107 F.3d 1091, 1103 (4th Cir. 1997) (upholding discretion of district court to restrict hybrid representation); United States v. Horn, No. 5:07-HC-2177, (DE 87) (E.D.N.C. August 10, 2011) (denying without prejudice a pro se motion on such grounds).

3

United States v. Comstock, 560 U.S. 126, 170, n. 9 (2010) (emphasis in original). On appeal, Respondent did "not dispute that he has previously engaged in sexually violent conduct." King, 2013 WL 5072770, at * 6. Moreover, the Fourth Circuit specifically found that "more than one incident in King's criminal history satisfies this element." Id. This portion of respondent's argument is therefore without merit.

Next, respondent contends that "[t]he BOP does not have the legal authority to initiate . . . 4248 proceedings" against him because he was convicted in the Superior Court of the District of Columbia and not in federal court. Mot. (DE 124), p. 2. The Adam Walsh Act authorizes the government to seek commitment of inmates "in the custody of the Bureau of Prisons." 18 U.S.C. § 4248(a). "[U]nder § 4248 the word 'custody' refers not to physical custody or some qualified derivative but rather to legal custody. The statutory language 'in the custody of the Bureau of Prisons' therefore requires the BOP to have ultimate legal authority over the person's detention." United States v. Joshua, 607 F.3d 379, 388 (4th Cir. 2010).

According to the laws of the District of Columbia, "[a]ll prisoners convicted in the District of Columbia for any offense . . . shall be committed . . . to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinements where the sentences of all such persons shall be served." D.C. CODE. § 24–201.26. As such, District of Columbia Code offenders are in the custody of the BOP. Moreover, the Fourth Circuit has affirmed the application of the Adam Walsh Act to District of Columbia Code offenders. See United States v. Johnson, 528 F. App'x 316 (4th Cir. June 13, 2013) (unpublished opinion) cert. denied, 134 S. Ct. 326 (U.S. 2013). Accordingly, this argument is also without merit.[2]

---

[2] Respondent also argues that the sections of the District of Columbia Code which commit him to
navigation(continued...)

Case 5:10-hc-02009-FL   Document 126   Filed 12/05/13   Page 4 of 6

In summary, Respondent has failed to demonstrate any reason that justifies relief from this court's September 25, 2012 judgment and the instant motion is therefore DENIED.

Turning now to the earlier filed motion to dismiss counsel and proceed pro se, as noted above, respondent has been represented by Mr. Bell, although he has filed several pro se motions. Respondent now requests that this court "dismiss [Mr. Bell]" and permit him to proceed pro se in this matter. (DE 119).

The court cautions respondent that self-representation is fraught with dangers and disadvantages. Cf. Faretta v. California, 422 U.S. 806, 835 (1975) (noting that a criminal defendant who chooses to proceed pro se may be allowed to do so only if he knowingly and intelligently waives the benefits of counsel). Certainly, the assistance of counsel will be invaluable should respondent choose to pursue a motion for review pursuant to 18 U.S.C. § 4247(h).

With that admonition, this motion is referred to United States Magistrate Judge James E. Gates to conduct a hearing and for ruling. Judge Gates shall schedule this hearing as soon as practicable according to his calendaring needs.

## CONCLUSION

For the aforementioned reasons, respondent's renewed motion for relief from the judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (DE 124) is DENIED. Respondent's motion to dismiss counsel and proceed pro se (DE 119) is referred to Judge Gates for hearing and ruling.

---

[2](...continued)
the custody of the BOP were applied to him retroactively. Mot. (DE 124), pp 1-3. This argument is likewise without merit. See United States v. Johnson, 5:09-HC-2045-BO, 2011 WL 2118108, at * 3 (E.D.N.C. May 27, 2011) (noting that D.C. CODE. § 24–201.26 was enacted in 1940).

5

Case 5:10-hc-02009-FL   Document 126   Filed 12/05/13   Page 5 of 6

SO ORDERED, this the 5th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

6