IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-HC-2009-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DANIEL H. KING, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's pro se motion for the appointment of an independent psychologist (DE-134). For the following reasons, this motion is DENIED.

The Government initiated this action by filing its certification of Respondent as a sexually dangerous person, pursuant to the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006) ("Adam Walsh Act"), on January 19, 2010 (DE 1-2). At the time, Respondent was serving a term of 12 to 36 years of imprisonment in the Bureau of Prisons ("BOP") following his conviction for Armed Kidnapping in the Superior Court of the District of Columbia. His projected date for release from criminal confinement was January 20, 2010, but the filing of the certification stayed his release.

Respondent requested a commitment hearing on June 25, 2010. (DE 4). Mr. Joseph L. Bell, Jr. entered a notice of appearance on Respondent's behalf on September 16, 2010. (DE 13). The matter was referred to United States Magistrate Judge James E. Gates for an evidentiary hearing and memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Sept. 1, 2011, Docket Entry). After conducting an evidentiary hearing, Judge Gates found that Respondent was a sexually

dangerous person as defined by the Adam Walsh Act, and recommended that he be civilly committed pursuant to 18 U.S.C. § 4248(d). March 1, 2012, Memorandum and Recommendation (DE 94). On September 25, 2012, this court adopted Judge Gates' recommendation, and Respondent was committed to the custody of the United States Attorney General as a sexually dangerous person. September 25, 2012, Order (DE 110).

Counsel for Respondent filed a notice of appeal to the Fourth Circuit on October 23, 2012. (DE 112). During the pendency of his appeal, Respondent filed in this court a pro se motion for relief from the judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. Mot. (DE 116). That motion was dismissed for lack of jurisdiction. June 18, 2013, Order (DE 117). On September 16, 2013, the Fourth Circuit affirmed this court's order to civilly commit Respondent as a sexually dangerous person pursuant to the Adam Walsh Act. United States v. King, 2013 WL 5072770 (4th Cir. Sept. 16, 2013) (unpublished decision). Respondent renewed his pro se request for relief from the judgment on October 4, 2013 (DE 124), and that request was denied on December 5, 2013 (DE 126).

In addition, Respondent filed a motion to dismiss counsel and proceed pro se on September 9, 2013. (DE 119). That motion was referred to Judge Gates, who scheduled a hearing for December 18, 2013 (DE 127). Respondent refused to be transported to the hearing, which proceeded in his absence (DE 129). On December 20, 2013, Judge Gates determined that the record "fail[ed] to show that respondent's purported waiver of counsel was clear and unequivocal (including not simply a manipulative procedural ploy), or knowing, intelligent, or voluntary." December 20, 2013 Order (DE 130), p. 1. Accordingly, Respondent's request to dismiss counsel and proceed pro se was denied.

2

Plaintiff filed the instant pro se motion for the appointment of an independent psychologist on August 8, 2014 (DE 135). As noted by Judge Gates in his December 20, 2013 order, there is no indication that Respondent has clearly and unequivocally waived his right to counsel. Indeed, Respondent contends that he filed the instant motion "with the approval of appointed counsel." Mot. (DE 134), p. 1.[1] This statement indicates that Respondent still desires to avail himself of advice from counsel. In light of the fact the Respondent is represented by counsel[2], and that Respondent has not clearly and unequivocally waived his right to counsel, the instant motion (DE 134) is DENIED. See United States v. Singleton, 107 F.3d 1091, 1103 (4th Cir. 1997) (upholding discretion of district court to restrict hybrid representation);United States v. King, No. 5:10-HC-2009-FL, 2013 WL 6330639, at * 2, n. 1 (E.D.N.C. Dec. 5, 2013) (noting that pro se motions filed by Adam Walsh Act respondent could be denied on the grounds that respondent was represented by counsel); United States v. Horn, No. 5:07-HC-2177, (DE 87) (E.D.N.C. August 10, 2011) (denying without prejudice a pro se motions filed by a 4248 respondent represented by counsel). Likewise, any

---

[1] Moreover, the Government has conferred with Mr. Bell. Pet'r Resp. (DE 135), p. 2. The Government contends that Mr. Bell "did not approve for Respondent to file such Motion." Id. This discrepancy further demonstrates that Respondent's purported waiver of his right to counsel may simply be a manipulative procedural ploy. See United States v. Bush, 404 F.3d 263, 271 (4th Cir. 2005). While the standard set out in Bush applies directly in criminal cases, it is an appropriate standard to apply by analogy here given, among other considerations, the liberty interest at stake for respondent. See Addington v. Texas, 441 U.S. 418,425 (1979) ("[The Supreme] Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.").

[2] Respondent is reminded that self-representation is fraught with dangers and disadvantages. Cf. Faretta v. California, 422 U.S. 806, 835 (1975) (noting that a criminal defendant who chooses to proceed pro se may be allowed to do so only if he knowingly and intelligently waives the benefits of counsel). Indeed, the statute providing for hearings on whether post-trial § 4248 respondents should be discharged speaks in terms of a respondent's counsel or legal guardian requesting such a hearing, as opposed to the respondent himself. See 18 U.S.C. § 4247(h).

further pro se motions filed by Respondent shall be summarily denied.  Finally, as soon as practicable, and in any event no later than October 6, 2014, Mr.  Bell is directed to confer with Respondent to discuss the issues raised in the instant motions.

SO ORDERED, this the 5th day of September, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

4